IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARLOS R. REECE                                                               PLAINTIFF

V.                      CASE NO. 1:17-CV-01003

DAVID NORWOOD; DOUG WOODS;
SHERRI MENDENALL;
JAMES BOLTON; and
BRYAN BURNS                                            DEFENDANTS

## ORDER

Before the Court is Plaintiff Carlos R. Reece's failure to obey an order of the Court. On January 5, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se* in the United States District Court for the Eastern District of Arkansas. ECF No. 2. On January 11, 2017, the case was transferred to the United States District Court for the Western District of Arkansas, El Dorado Division. ECF No. 4. On August 10, 2017, Defendants filed a Motion for Summary Judgment. ECF No. 16. On August 15, 2017, the Court filed an order directing Plaintiff to file a response to Defendants' motion on or before August 30, 2017. ECF No. 19. Plaintiff was advised in the order that failure to respond within the required period of time may result in the dismissal of his case. Plaintiff did not respond to the Court's order. Plaintiff's last communication with the Court was on February 8, 2017. ECF No. 10.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1

1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 22nd day of September, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge